Andrew D. Allen, Esq. CA SBN 269502
ALLEN TAX LAW, APC
750 Menlo Avenue, Suite 320
Menlo Park, CA 94025
Phone: (650) 474-1854
Fax: (650) 648-0962
Email: drew@allentaxlaw.com

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREA TIRELLI, | Case Number: 5:25-cv-04105 |
| Petitioner, | **PETITION TO QUASH THIRD-PARTY SUMMONS ISSUED TO APPLE, INC., BY THE INTERNAL REVENUE SERVICE** |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**PETITION**

Petitioner, Andrea Tirelli, moves this Court to quash a third-party summons dated March 27, 2025, and mailed by US mail to Petitioner on or about April 21, 2025, by the Department of Treasury, Internal Revenue Service ("IRS"), to Apple, Inc. ("Apple"). Pursuant to 26 U.S.C. § 7609, Petitioner is entitled to intervene with respect to this third-party summons as it seeks records relating to him. In support of this Petition, he states as follows:

PARTIES, JURISDICTION, AND VENUE

1. Petitioner Andrea Tirelli is a natural person. He is a citizen of Italy and currently resides with a home address of Via Marconi, Residenza Sassi 611, 20080 Basiglio (Milano), Italy.

2. Respondent is the United States of America, acting through its agency the Internal Revenue Service ("IRS").

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 26 U.S.C. § 7609(h).

4. Venue is proper pursuant to 28 U.S.C. § 1391(e) as respondent is the United States and a substantial portion of the events giving rise to the claim occurred, and potentially may occur, in this District. In particular, the summons was served upon Apple, Inc. at 20705 Valley Green Drive, Cupertino, California, 95014.

FACTUAL BACKGROUND

5. On or about March 27, 2025, the IRS issued a third-party summons ("Summons") to Apple requesting broad categories of records related to Petitioner for the period January 1, 2016 through December 31, 2023. A copy of the Summons is attached hereto as Exhibit A. The Summons seeks testimony and records relating to "any accounts registered to, or controlled by, Andrea Tirelli, including the account of andtire@icloud.com" that fall within the broad categories of "Subscriber or customer name", "Subscriber or customer address", "Local and long distance telephone connection records", "Records of session times and durations, including those of the internet", "Length of service (including start date) and types of service utilized", "Telephone or instrument number or other subscriber/customer number or identity, including any temporarily assigned network address, such as an Internet Protocol address", and "Means and source of payment for such service (including any credit card or bank account number)".

6. While the Summons is dated March 27, 2025, the IRS did not mail a copy to Petitioner until April 21, 2025. See Exhibit B, print out of shipping confirmation managed by Poste Italiane S.p.A, the official national postal service in Italy. According to the tracking

Page **2** of **9**

PETITION TO QUASH SUMMONS
TIRELLI V. UNITED STATES

information, the envelope containing the Summons was shipped from the United States on or about April 21, 2025, and the first attempted delivery was made on April 28, 2025. *Id*. The envelope was then made available for pick up at the local post office on April 29, 2025. *Id*. Petitioner promptly retrieved the envelope on April 30, 2025. *Id*.

7. The Summons alleges it was issued pursuant to "U.S. – Switzerland Income Tax Convention Article 26 / Type of Tax: Income" (the "Convention") in the matter of "the Switzerland Income Tax Liabilities of Andrea Tirelli". The Summons was issued by the IRS's Large Business and International division, allegedly as part of the IRS industry Exchange and Offshore Strategy, and requires Apple to appear before Yang Hua, Internal Revenue Agent, on April 25, 2025, at 10 a.m. and provide testimony under oath and produce for examination the records listed above at Paragraph 5 of this petition, and described in the attachment to the Summons. Exhibit A. The Summons was allegedly issued as part of the IRS industry Exchange and Offshore Strategy.

8. The Summons was apparently digitally signed first by the approving officer, Kenneth R. Liuzzo, Supervisory Tax Analyst, IRS, on February 11, 2025. It was apparently then digitally signed by issuing officer Shelby D. Johnson, Tax Law Specialist, IRS, on February 20, 2025. It is unclear if the approving officer, Kenneth R. Liuzzo, reviewed and approved the summons in its final form after the issuing officer, Shelby D. Johnson, signed it.

9. Petitioner Tirelli was a citizen of Italy during the period January 1, 2016 through December 31, 2019, and has never been a citizen of Switzerland.

10. As described in this petition, the Summons seeks records and information that exceed the permissible scope authorized by the Convention.

**SUMMONS: THE IRS HAS NOT SATISFIED THE REQUIREMENTS TO ENFORCE THE SUMMONS AS OUTLINED BY THE COURT IN *UNITED STATES V. POWELL***

11. It is well established that a court may not permit its process to be abused and therefore a District Court may quash an IRS summons when it is issued for an improper purpose or the IRS fails to show it has complied with all the administrative steps under the Internal

PETITION TO QUASH SUMMONS
TIRELLI V. UNITED STATES

Revenue Code. *United States v. Powell,* 379 U.S. 48, 57-58 (1964). Prior to enforcing a summons, the Government has the burden to establish that "(1) the investigation will be conducted for a legitimate purpose; (2) the material being sought is relevant to that purpose; (3) the information being sought is not already in the IRS's possession; and (4) the IRS complied with all the administrative steps required by the Internal Revenue Code." *Crystal v. United States,* 172 F.3d 1141, 1143-44 (9th Cir. 1999) (citing *United States v. Powell,* 379 U.S. 48, 57-58 (1964).

### *The IRS failed to comply with the administrative step of providing timely notice to Mr. Tirelli*

12.     The IRS has failed to comply with the first administrative step under the Internal Revenue Code, which requires the IRS to provide timely notice of the summons to the third-party who is the subject of the summons. Specifically, in the event the IRS issues a summons seeking testimony or records, or both, relating to a third-party, "notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined." 26 U.S.C. § 7609(a)(1). Here, the IRS failed to provide sufficient notice as the Summons was not mailed to Petitioner until on or about April 21, 2025, four (4) days prior to April 25, 2025, the day fixed to the summons as the day upon which the requested records were to be examined by the IRS. Exhibit B. The notice of summons was required to be mailed no later than April 2, 2025.

### *The summons was issued for an improper purpose*

13.     It is well established that a court may not permit its process to be abused and therefore a District Court may quash an IRS summons when it is issued for an improper purpose. *United States v. Powell,* 379 U.S. 48, 57-58 (1964). The requirements outlined in *Powell* apply equally when, as here, an IRS summons is purportedly issued pursuant to a treaty request by a foreign government. *United States v. Stuart,* 489 U.S. 353, 361 (1989). To satisfy the *Powell* factors, the IRS must make a showing that it has complied with such factors which is typically in

PETITION TO QUASH SUMMONS
TIRELLI V. UNITED STATES

the form of a sworn affidavit of the investigating agent. *United States v. Clarke,* 573 U.S. 248, 250 (2014). The taxpayer, here Petitioner, then has the opportunity to challenge the affidavit "and to urge the court to quash the summons 'on any appropriate ground'—including, … improper purpose." *Id.*, quoting *Reisman v. Caplin,* 375 U.S. 440, 449 (1964). While the courts have resisted requiring the IRS to establish the good faith of the requesting nation, it remains mandatory that the IRS act in good faith in accordance with *Powell*. *Lidas, Inc. v. United States,* 238 F.3d 1076, 1082 (9th Cir. 2001).

14. In *United States v. Stuart*, the Court examined the affidavit submitted by the IRS to support it had satisfied the requirements of good faith set forth in *Powell*. *United States v. Stuart*, at 360. The Court noted that the IRS Director of Foreign Operations "stated under oath that the information sought was not within the possession of American or Canadian tax authorities, that it might be relevant to the computation of respondents' Canadian tax liabilities, and that the same type of information could be obtained by Canadian authorities under Canadian law." *Id*. The affidavit further detailed that the "'[e]xchanged information may only be disclosed as required in the normal administrative or judicial process operative in the administration of the tax system of the requesting country,' and that improper use of exchanged information would be protested." *Id*.

15. In *Lidas, Inc. v. United States*, the Ninth Circuit looked at a similar affidavit and ultimately found it satisfied the requirement of good faith under *Powell*. *Lidas, Inc*. at 1082. That affidavit, declared under oath by IRS Assistant Commissioner (International) John T. Lyons, stated that "(1) he is authorized to act as the 'Competent Authority' for the purpose of administering all exchange of information programs of tax treaties; (2) pursuant to the Treaty, the French Government requested information regarding the Chelalas' 1993 and 1994 income tax liability; (3) he reviewed the French request and determined it to be proper under the Treaty; (4) the requested information was not in the possession of the IRS or the French tax authorities; (5) the requested information may be relevant to a determination of the Chelalas' French income tax

PETITION TO QUASH SUMMONS
TIRELLI V. UNITED STATES

liability; and (6) the requested information is the same type of information that could be obtained under French law." *Id*. (internal citations and footnotes omitted).

16. Here, the IRS will be unable to meet its burden to establish it is seeking information and records relating to a legitimate purpose under *Powell*. The IRS has, to date, not provided any indication that the Swiss Tax Authority has made a proper request under the Convention, *inter alia*. The IRS has not provided any affidavit, let alone one that may satisfy the level of detail required by those at issue in the *Stuart* and *Lidas, Inc.* cases.

17. Here, the Summons is overly broad and appears to be part of an impermissible fishing expedition. The requested material has no bearing on a calculation of an income tax liability. It is inexplicable how the subscriber name and address, phone records, session times, or the length of service, could lead to the calculation of an income tax liability. The Summons is so broad and uncalculated that it appears the Swiss Tax Authority is seeking the information for the same improper purpose about which *Powell* cautioned – "to harass the taxpayer or to put pressure on him to settle a collateral dispute[.]" *Powell* at 58.

18. Article 26, entitled Exchange of Information, authorizes the competent authorities of the Contracting States to exchange "such information (being information available under the respective taxation laws of the Contracting States) as is necessary for carrying out the provisions of the present Convention or for the prevention of tax fraud or the like in relation to the taxes which are the subject of the present Convention." Exhibit C, Article 26(1). Article 26 makes clear, however, that "[i]n no case shall the provisions of this Article be construed so as to impose upon either of the Contracting States ***the obligation to carry out administrative measures at variance with the regulations and practice of either Contracting State*** or which would be contrary to its sovereignty, security or public policy or to supply particulars which are not procurable under its own legislation or that of the State making application." Exhibit B, Article 26(3). This provision supports a determination that, notwithstanding US courts have resisted requiring the IRS to establish the requirement of good faith under *Powell* of the requesting nation, the intent of the Convention is that each Contracting State act consistent with the

PETITION TO QUASH SUMMONS
TIRELLI V. UNITED STATES

regulations and practice of the other. This indicates the parties to the Convention intended the IRS satisfy its own regulations and practice as it relates to enforcing summonses – including the *Powell* standard.

19. The IRS has its own Internal Revenue Manual containing internal procedures it follows to ensure compliance with the Exchange of Information (EOI) provisions of international tax treaties. In particular, the IRM explains that a "jurisdiction requesting information pursuant to an international exchange agreement must demonstrate the 'foreseeable relevance' of any requested information to the administration or enforcement of the domestic tax laws of the requesting jurisdiction." Internal Revenue Manual (IRM) 4.60.1.2(5) (02-23-2023), Specific Exchange f Information (EOIR) Program. The IRM continues to caution that, "[w]hile the standard of foreseeable relevance is intended to provide for exchange of information in tax matters to the widest possible extent, *jurisdictions are not at liberty to engage in 'fishing expeditions' or to request information that is unlikely to be relevant to the tax affairs of a given taxpayer*." *Id*. (emphasis added). IRS employees handling requests from foreign governments (i.e., EOI analysts) are directed to ensure the request includes "a description of the requested information's 'foreseeable relevance' to the foreign examination, investigation or procedure, i.e., an explanation of how the requested information would be pertinent to the administration or enforcement of the foreign taxes at issue." IRM 4.60.1.2.2 (3)(l) (02-23-2023).

20. There are circumstances where the IRS "cannot provide information because it is not in the possession or control of an individual or entity within the jurisdiction of the U.S., or because the request does not meet the requirements of the applicable international exchange agreement." IRM 4.60.1.2.2.1(2)(d) (02-23-2023). The guidance continues, "[i]n such cases, and with the approval of EOI management, the EOI analyst must inform the foreign Competent Authority at the earliest opportunity of the grounds for not being able to provide the requested information." *Id*.

21. Without additional information provided by the IRS (i.e., an affidavit), it is unclear whether the IRS has conducted its required due diligence to ensure the provisions of the

Convention have been satisfied. It is clear, however, that the IRS failed to satisfy the statutory administrative step of providing Petitioner notice of the third-party summons no later than April 2, 2025.

22. Additionally, as an Italian citizen and resident of the European Union, Petitioner Tirelli is protected by the General Data Protection Regulation (EU) 2016/679 ("EU GDPR"). Petitioner has engaged separate counsel who has informed Apple, Inc. that Mr. Tirelli formally objects to any disclosure of his personal data and/or information in response to the subject IRS summons. See attached Exhibit D, Letter from LEXIA to Apple, Inc., dated May 2, 2025. Upon information and belief, disclosure of Petitioner's protected personal data by Apple, Inc. may be a direct violation of Article 48 GDPR, which explicitly prohibits compliance with foreign administrative orders absent a legal basis under European Union or Member State law.

## CONCLUSION

23. For the reasons set forth in this Petition, the Summons should be quashed because all administrative steps have not been satisfied, and it was issued for an improper purpose. Alternatively, to prevent the abuse of process contemplated in *Powell*, Petitioner respectfully requests an evidentiary hearing and limited discovery to evaluate the constitutionality of the Summons under *Powell*, Article 26 of the Convention, and the EU GDPR.

24. Petitioner hereby requests (1) a hearing and briefing schedule on the issues raised in this Petition, and (2) limited discovery into the purpose of the Summons and the relevance of the requested information.

//

//

//

//

PETITION TO QUASH SUMMONS
TIRELLI V. UNITED STATES

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests the Court grant this Petition to Quash the IRS Summons and award any such other and further relief that this Court deems just and proper.

Date: May 12, 2025

Respectfully submitted,

/s/ *Andrew D. Allen*

Andrew D. Allen (CA SBN 269502)
Allen Tax Law, APC
750 Menlo Avenue, Suite 320
Menlo Park, CA 94025
Phone: (650) 474-1854
Fax: (650) 648-0962
drew@allentaxlaw.com

*Attorney for Petitioner*